NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

```
_____
                                    :
HASAAN ANDERSON,                    :
                                    :   Civil Action No. 15-0055 (RMB)
            Plaintiff,              :
                                    :
      v.                            :
                                    :   MEMORANDUM OPINION AND ORDER
OFFICER JOSHUA SOPER, et al.,       :
                                    :
            Defendants.             :
_____:
```

**BUMB**, District Judge:

     On January 5, 2015, the Clerk received Plaintiff's civil complaint and accompanying in forma pauperis ("IFP") application. See Docket Entries Nos. 1 and 1-1.  The former asserted that, on August 9, 2014, Plaintiff was standing in front of a certain store in Camden, New Jersey, when he was approached by Defendants, Officers Soper and Devlin.  See Docket Entry No. 1, at  6.  Plaintiff alleged that Defendants took him into custody and drove him to a certain abandoned house, and then to another abandoned house.  See id.  According to Plaintiff, when Defendants took him into the second abandoned house, Officer Soper retrieved a firearm hidden in that house and asked Plaintiff to provide Defendants with information about the firearm so "to help [them] set someone else [up]."  See id.

1

Plaintiff maintains that Defendants threatened to charge Plaintiff with possession of that firearm unless he provided the requested information and – when Plaintiff declined – Defendants did charge him.  See id.  The other statement in Plaintiff's pleading alleged that, after those developments, Defendants executed a false affidavit to this criminal prosecution on the illegal-possession-of-a-firearm charge.  See id. at 4.

Plaintiff seeks Defendants' prosecution "to the fullest extent of the law, civilly and criminally."  Id. at 7.

Plaintiff's IFP application accompanying his pleading asserts that he is a pauper, see Docket Entry No. 1-1, at 1, and states, "I am in Camden County Jail [and] I am unable to get a printout of my account."  Id. at 4.  Plaintiff's IFP application is insufficient, and his pleading is ambiguous and requires a clarification.

The Clerk will not file a civil complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and is granted IFP status pursuant to 28 U.S.C. § 1915.  See Local Civil R. 5.1(f).[1]  If a prisoner seeks permission to file a civil rights complaint IFP, the Prison Litigation Reform Act ("PLRA") requires him to file an affidavit

---

[1] The entire fee to be paid in advance of filing a civil complaint is $400.  That includes a filing fee of $350 plus an administrative fee of $50, for a total of $400.  A prisoner who is granted IFP status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee.

of poverty and prison account statement for the six-month period preceding the filing of the complaint.  See 28 U.S.C. § 1915(a)(2).

Here, Plaintiff submitted his affidavit of poverty, but he failed to submit his six-month prison account statement required by 28 U.S.C. § 1915(a)(2): he merely asserted his inability to obtain his prison account statement.  Such conclusory assertion is  insufficient.  While this Court has discretion to excuse his failure to comply with the requirements of Section 1915(a)(2), that measure could be taken only if Plaintiff duly establishes his diligent attempts to obtain his prison account.[2]  Therefore, Plaintiff's IFP application will be denied without prejudice, and he will be allowed an opportunity to cure the deficiency of his IFP application by submitting either his prison account statement for the six months preceding commencement of this matter or his affidavit establishing to this Court's satisfaction Plaintiff's inability to obtain his prison account statement.

------

[2] Toward that end, Plaintiff must submit his "Affidavit in Lieu of Account Statement," which should be signed and dated by Plaintiff and should state that it is executed under penalty of perjury.  That affidavit should also establish, to this Court's satisfaction, that Plaintiff diligently attempted to obtain a printout of his prison account on numerous occasions.  Thus, the Affidavit shall describe, in detail: (a) the circumstances surrounding each of Plaintiff's requests for his prison account statement (i.e., when those requests were made and in what terms, and who were the prison officials whom Plaintiff sought his prison account statement from); and (b) the grounds for denial Plaintiff was given upon each of prison officials' refusals to provide him with his prison account statement.

Moreover, in the event Plaintiff cures the deficiency of his IFP application, he shall submit his amended complaint clarifying the facts of his claims and seeking the appropriate remedy.

It appears that Plaintiff is of the impression that this Court has authority to act as an agent of Plaintiff for the purposes of bringing criminal charges against Defendant. Plaintiff errs.  The Court has no authority to instigate a criminal prosecution: this is an exclusive function of a prosecutor.  See Collyer v. Darling, 98 F.3d 211, 222 (6th Cir. 1996) (a private plaintiff cannot instigate a criminal prosecution because the "authority to initiate a criminal complaint rests exclusively with state and federal prosecutors"); see also Forney v. Woodridge Hosp. & Johnson City Med. Ctr., 2005 U.S. Dist. LEXIS 37257, at *6 (E.D. Tenn. Sept. 14, 2005) (same); see also Savage v. Arnold, 403 F. Supp. 172 (E.D. Pa. 1975) (a private party cannot commence a criminal proceeding under Rules 3 and 4 of the Rules of Criminal Procedure) (citing, inter alia, Spader v. Wilentz, 25 F.R.D. 492 (D.N.J.), aff'd, 280 F.2d 422 (3d Cir.), cert. denied, 364 U.S. 875 (1960)).  Analogously, this Court is without authority to either instigate or prosecute criminal charges on Plaintiff's behalf, since

> [i]t is well established that private citizens can neither bring a direct criminal action against another person nor can they petition the federal courts to compel the criminal prosecution of another person.  See Maine v. Taylor, 477 U.S. 131, 137 (1986); Heckler v. Chaney, 470 U.S. 821 (1985); Leeke v. Timmerman, 454

> U.S. 83, 86-87 (1981); <u>United States v. General
> Dynamics Corp.</u>, 828 F.2d 1356, 1366 (9th Cir. 1987).
> Accordingly, the district court [is obligated to]
> refus[e] fil[ing] criminal charges or . . . compel[ing]
> prosecution based on those charges.

<u>Ellen v. Stamm</u>, 1991 U.S. App. LEXIS 30558 (9th Cir. Dec. 19,

1991), <u>cert.</u> <u>denied</u> <u>sub</u> <u>nom.</u> <u>Montalvo v. Stamm</u>, 506 U.S. 1047

(1993).  Thus, Plaintiff's amended complaint, if such is filed,

may seek only the relief applicable to civil matters under the

circumstances asserted by Plaintiff.[3]

Furthermore, Plaintiff's bald challenges are insufficient as

pled and require a clarification.  Here, he attempted to raise

two lines of challenges, one being a false arrest claim and

another being a claim of malicious prosecution.  In order to

establish a claim for false arrest/imprisonment, a plaintiff must

---

[3]  While a civil plaintiff may seek injunctive and/or
declaratory relief in addition to or instead of monetary damages,
those forms of relief are inapplicable here.  If Plaintiff wishes
to seek an apology from Defendants, such remedy is not cognizable
under Section 1983 or any other provision.  <u>See</u> <u>Woodruff v.
Ohman</u>, 29 F. App'x 337, 346 (6th Cir. 2002) ("the district court
exceeded its equitable power when it ordered [the defendant] to
apologize") (citing to <u>McKee v. Turner</u>, 491 F. 2d 1106, 1107 (9th
Cir. 1974), observing that the courts "are not commissioned to
run around getting apologies"); <u>Norris v. Poole</u>, 2010 U.S. Dist.
LEXIS 46242, at *8 (D.S.C. Apr. 19, 2010) (same).  Analogously,
to th extend Petitioner seeks this Court's order directing
termination of his prosecution, such intervention would be
unwarranted under the doctrine of abstention that developed since
<u>Younger v. Harris</u>, 401 U.S. 37 (1971), and "espouse[s] a strong
federal policy against federal-court interference with pending
state judicial proceedings absent extraordinary circumstances."
<u>Middlesex Cty Ethics Com. v. Garden State Bar Ass'n</u>, 457 U.S.
423, 431 (1982).  That leaves Plaintiff solely with the option of
seeking monetary damages.

prove: (1) that he was detained; and (2) that the detention was unlawful.  See Wallace v. Kato, 549 U.S. 384, 389 (2007) ("The sort of unlawful detention remediable by the tort of false imprisonment is detention without legal process") (citations omitted, emphasis removed).[4]  Hence, the plaintiff must plead facts showing that the officers took him into custody without probable cause.  See Groman, 47 F.3d at 634 (citation omitted).  The proper inquiry is not whether the person arrested in fact committed the offense but whether a reasonable officer had grounds to believe, under the totality of the circumstances, that the arrestee had committed the offense.[5]  See Paszkowski v. Roxbury Twp. Police Dep't, 2014 U.S. App. LEXIS 17767, at *7 (3d Cir. Sep. 16, 2014)(quotations and citations omitted); see also Illinois v. Gates, 462 U.S. 213, 238 (1983) ("[W]e reaffirm the totality-of-the-circumstances analysis that traditionally has informed probable cause determinations").  Hence, what is needed to justify an arrest is "a probability or substantial chance of

---

[4] Notably, the period of false arrest/imprisonment is very short: a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest, applies only to the period of incarceration lasting from the moment of arrest until the first legal action, e.g., an arraignment or first court appearance. See Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995).

[5] In other words, "[p]robable cause exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." United States v. Myers, 308 F.3d 251, 255 (3d Cir. 2002).

criminal activity, not an actual showing of such activity." <u>U.S.</u>
<u>v. Miknevich</u>, 638 F.3d 178, 185 (3d Cir. 2011) (citation and
internal quotation marks omitted).

Here, Plaintiff's pleading is wholly silent as to the
circumstances under which he was taken into Defendants' custody
in front of the store in Camden. <u>See</u> Docket Entry No. 1. All
Plaintiff asserts is that he refused to "set someone else" up,
<u>id.</u> at 6, but that statement provides this Court with no facts
relevant to the Court's inquiry as to whether Plaintiff's arrest
in front of the store was based on probable cause.
Correspondingly, Plaintiff's amended complaint, if such is filed,
should carefully detail the facts that are *relevant* to his false
arrest/imprisonment claim.

Analogously, Plaintiff's malicious prosecution claim is
insufficient as pled. Here, Plaintiff alleges that he was/is
being prosecuted on wrongful charges because Defendants executed
a false affidavit.

Although the United States Supreme Court "has never explored
the contours of a Fourth Amendment malicious prosecution suit
under § 1983," there is "a range of approaches in the lower
courts." <u>Kato</u>, 549 U.S. 384, 390 n.2 (2007). The Court of
Appeals for the Third Circuit has recognized such a § 1983 claim,
which requires a plaintiff to establish both the common law
elements of the state law tort as well as "some deprivation of

liberty that rises to the level of Fourth Amendment 'seizure,'"
i.e., the plaintiff was placed in custody.  Torres v. McLaughlin,
163 F.3d 169, 175 (3d Cir. 1988).

New Jersey common law defines the tort of malicious
prosecution as consisting of four elements: (1) a criminal
proceeding must had been instituted or continued by the defendant
against the plaintiff (2) with malice or with a primary purpose
other than bringing the accused to justice, and (3) that criminal
proceeding must have been terminated in favor of the accused (4)
on the grounds of absence of probable cause for the charge.  See
Lind v. Schmid, 67 N.J. 255, 262 (1975).

Here, Plaintiff's pleading suggests that he is still being
prosecuted on the charge triggered by Defendants' allegedly false
affidavit.  If so, Plaintiff's malicious prosecution claim is
facially unripe, and cannot be raised until and unless he is
acquitted of that charge on the grounds of absence of probable
cause.  Correspondingly, Plaintiff's amended complaint shall
either detail the facts of such favorable termination of
Plaintiff's criminal prosecution (if such favorable termination
took place) or reserve that claim until it ripens, if ever.

IT IS, therefore, on this **21st** day of **January 2015**,

**ORDERED** that Plaintiff's application seeking to proceed in
this matter in forma pauperis, Docket Entry No. 1-1, is denied.
Such denial is without prejudice, and Plaintiff may renew that

application by submitting, within thirty days from the date of entry of this Memorandum Opinion and Order, his six-month prison account statement or "Affidavit in Lieu of Account Statement" executed in accordance with the guidance provided to him herein; and it is further

**ORDERED** that the Clerk shall administratively terminate this matter by making a new and separate entry reading, "CIVIL CASE TERMINATED."  Such termination shall be subject to reopening in the event Plaintiff timely submits six-month prison account statement or "Affidavit in Lieu of Account Statement," and no statement in this Memorandum Opinion and Order shall be construed as withdrawal of this Court's jurisdiction over this matter; and it is further

**ORDERED** that, in the event Plaintiff elects to submit his six-month prison account statement or "Affidavit in Lieu of Account Statement," he shall accompany that submission by his amended complaint seeking the appropriate remedy and detailing the facts of his claims in accordance with the guidance provided to him herein; and it is finally

**ORDERED** that the Clerk shall serve this Order upon Plaintiff by regular U.S. mail, together with a blank civil complaint form.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

Page -9-